AUGUSTE BERNDT, RESPONDENT, v. THE HOBOKEN BANK FOR SAVINGS, IN THE CITY OF HOBOKEN, APPELLANT.

Submitted October 29, 1926—Decided January 31, 1927.

1. When a depositor's pass-book of a savings bank shows an entry of a payment of money by the bank and the depositor testifies that the money shown by the entry was never paid to her or to any other person by or with her authority, the burden of proving such payment is upon the defendant bank.

2. Where the by-laws of a savings bank, as printed in the pass-book of a depositor, provide that such entry of money is evidence of its payment, and that the bank will not be responsible for

fraud practiced on depositors, although the bank will at all times use the strictest caution to prevent fraud, it is incumbent on the bank to show that it used due care in the payment of the money and the strictest caution to prevent fraud when the depositor claims that fraud was practiced and the money was paid without the depositor's knowledge or authority.

3. The questions involved in this case as to whether the bank used due care in the payment of the money and whether it used the strictest caution to prevent fraud were for the jury to decide.

On appeal from the Supreme Court.

For the respondent, *Levenson, Comen & Levenson* (*Maximilian T. Rosenberg,* of counsel).

For the appellant, *Pierson & Schroeder* (*John D. Pierson,* and *Julius Lichtenstein,* of counsel).

The opinion of the court was delivered by

KAYS, J.   The plaintiff, Auguste Berndt, brought suit in the Supreme Court against the defendant, the Hoboken Bank for Savings, in the city of Hoboken, to recover moneys which she had deposited in said bank, and which she claimed had been paid to some person without her authority. The amount claimed was nine hundred dollars ($900) and interest at four per cent.

The case was tried in the Hudson Circuit before Judge Cutler and a jury. The jury returned a verdict, apparently, for the full amount of plaintiff's claim, including interest.

The grounds of appeal are two—(1) that the trial court erred in refusing to grant a motion for nonsuit at the close of the plaintiff's case, and (2) in refusing to direct a verdict for the defendant at the close of the whole case.

The facts are, the plaintiff opened an account in the defendant's bank in the year 1901. She made a number of deposits therein of considerable amounts from time to time, and also drew out money during the same period. Under date of May 9th, 1908, her pass-book showed a withdrawal of nine hundred dollars ($900). She claimed to know nothing of this last-mentioned transaction. She testified that

she did not draw out the money, did not sign the receipt on which it was apparently paid, did not authorize anyone to draw it for her, and did not know how the pass-book came into the possession of the person who did draw the money from the account. The pass-book was offered in evidence, the admitted signatures of the plaintiff were offered in evidence, as was also the disputed receipt containing the name of Auguste Berndt on which the money was claimed to have been paid. An examination of the admitted signatures of the plaintiff and the disputed signature showed a difference in the formation of some of the letters. After the close of the plaintiff's case and the denial by the court of the motion for nonsuit, a teller of the defendant bank testified the usual method of paying out money to be that the person drawing out funds is required to use a receipt which is supplied by the bank at the request of the depositor, the amount of which receipt is filled out by the teller and the number of the depositor's pass-book written thereon. It is then signed by the depositor, and the money paid. He further testified, as to the receipt in question, that the receipt had been furnished by him and filled out in his own handwriting. The receipt was signed with the name of "Auguste Berndt," and the money paid to the person who presented it. He also testified that the signatures on the disputed receipt compared favorably with the admitted signature of the plaintiff. He further said that he could not say he knew the plaintiff personally at the time of the alleged transaction. Another teller of a different bank was called as an expert witness, who testified that in his opinion the signature on the disputed receipt was that of the plaintiff.

Printed in the pass-book of the plaintiff were a number of by-laws of the defendant bank. Two sections of which by-laws have been urged by defendant's counsel as affecting its liability as to the matters in dispute. These sections are as follows:

"5. Drafts for money may be made personally or by order in writing of the depositor or by power of attorney, but no person shall have the right to demand the whole or any part of his or her money without producing the pass-book in order

that such payment may be entered therein, and such entry is to be evidence of the payment of the money specified.

"22. This institution will not be responsbile to depositors for any fraud that may be practiced on them by any person presenting a depositor's book, and thereby drawing money without their knowledge or consent, although the strictest caution will at all times be used to prevent fraud."

The defendant's counsel moved for a nonsuit, urging that no negligence was shown on the part of the bank, and that the bank was only required to use ordinary care, and there was no proof that ordinary care had not been used.

We are of the opinion that the trial judge was justified in denying the motion for nonsuit. The plaintiff had denied that the nine hundred dollars ($900) in dispute had ever been received by her or paid out on her order, or by anyone who had power or authority to withdraw it, and denied also that the signature on the receipt in dispute was her signature. The burden of proof, under the circumstances in this case, was on the bank to exonerate itself from want of due care if it failed to turn over to the depositor the moneys to which such depositor would ordinarily be entitled. It is a well-settled principle of law that payment in a case under like circumstances is an affirmative defense. *Fein* v. *Meier,* 71 *N. J. L.* 12; affirmed by this court in 74 *Id.* 597. The bank could not rely solely upon the entry in the pass-book to prove payment. The defendant further urged that the bank was not liable under the proof submitted by the plaintiff because of sections 5 and 22 of the by-laws, above set forth. The plaintiff's counsel concedes that the by-laws of the bank as contained in the pass-book to which the plaintiff had subscribed were binding upon her under the rule laid down in *Cosgrove* v. *Provident Institution for Savings in Jersey City,* 64 *Id.* 653. However, assuming such to be the rule, the bank agreed under section 22 of the by-laws to use the strictest caution at all times to prevent fraud. According to the testimony of the plaintiff fraud had been practiced in the payment of the money, and the burden of proving the use of such care and caution was upon the defendant bank.

We are also of the opinion that the trial judge was correct in submitting the facts in this case to the jury at the close of the defense. The defendant, as above recited, produced two witnesses, both of whom were bank tellers, who testified that in their opinion the signature of the disputed receipt compared favorably with the admitted signature of the plaintiff. These matters were questions of fact which were to be determined by a jury, that is, whether the story of the teller of the defendant bank was true, whether the moneys were paid under the circumstances to which he testified, whether the entry in the deposit book was made at the time of the payment of the money, as it appeared from the deposit book to have been made, and whether the signature of the disputed receipt was, or compared favorably with, the true signature of the plaintiff. These were questions for the jury to decide. Whether the bank used reasonable care in the payment of the money, and whether it used the strictest caution to prevent fraud, depends upon the jury's answer to these questions. We may say that the case under consideration is distinguished from the case of *Cosgrove* v. *Provident Institution for Savings in Jersey City, supra,* in that in the case just cited it was admitted that the bank had exercised due care. In the case under consideration here, it was not admitted that the defendant used due care, but on the other hand, it was claimed the money was paid by the defendant without the authority of the plaintiff, which placed the burden upon the defendant of showing that it used due care, and also of showing that it had complied with section 22 of the by-laws and used the strictest caution to prevent fraud.

The judgment below is therefore affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, JJ.   11.

*For reversal*—KATZENBACH, HETFIELD, JJ.   2.